UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORENCIO MARTINEZ RUBIO,

    Plaintiff,                        CASE NO.:

v.

FEDCA SCRAP RECYCLING CORP,
and ELBER A. BARON,
Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, FLORENCIO MARTINEZ RUBIO ("Plaintiff"), hereby sues Defendants, FEDCA SCRAP RECYCLING CORP, and ELBER A. BARON, Individually, (hereinafter after as "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 13679(a).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, FLORENCIO MARTINEZ RUBIO, is an adult and a resident of Pinellas County, Florida.

4. Defendant, FEDCA SCRAP RECYCLING CORP, is a Florida corporation authorized and doing business in this Judicial District.

5. Defendant, FEDCA SCRAP RECYCLING CORP, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. Defendant, ELBER A. BARON, was an officer, director, manager, owner, and/or operator of Defendant, FEDCA SCRAP RECYCLING CORP, and was directly involved in the day-to-day operations of FEDCA SCRAP RECYCLING CORP, had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment action against Plaintiff's complaint of herein, and therefore, is individually liable for the violations of law complained of herein pursuant to the FLSA.

7. As part of Plaintiff's duties for the Defendants, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2) and Section 448.08, Florida Statutes, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and Section 448.08, Florida Statutes, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g) and Section 448.08, Florida Statutes.

8. Defendants are employers within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendants from approximately September 22, 2014 to October 6, 2020. At all times material to this case, Plaintiff worked for Defendants as a full time Crane Operator and performed other general maintenance for Defendants.

10. In his role, Plaintiff worked in excess of forty (40) hours over week during his employment with Defendants for which he was not compensated by Defendant at a rate of time and one half his regular hourly rate.

11. Plaintiff requested his unpaid wages from Defendants and to date he has not been compensated.

12. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

13. Plaintiff FLORENCIO MARTINEZ RUBIO re-alleges paragraphs one (1) through twelve (12) as though set forth fully herein.

14. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

15. Defendants, FEDCA SCRAP RECYCLING CORP, and ELBER A. BARON are a common enterprise and/or joint employers of Plaintiff, engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

16. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

17. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

18. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

19. Defendants' failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. § 207.

20. Defendants knew or had reason to know that Plaintiff performed work outside of his regular schedule and therefore worked in excess of forty (40) hours per work week.

21. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

22. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

23. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

24. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, FLORENCIO MARTINEZ RUBIO, demands a trial by jury and judgment against Defendants, FEDCA SCRAP RECYCLING CORP, and ELBER A. BARON, Individually, for back pay, interest, attorneys' fees, and costs and for such other relief to which Plaintiff may be justly entitled.

    a.    Overtime compensation in the amount due to his for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b.    Liquidated damages in an amount equal to the overtime award;

    c.    Prejudgment interest;

    d.    Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

    f.    Any other further relief the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

25. Plaintiff, FLORENCIO MARTINEZ RUBIO re-alleges paragraphs one (1) through twelve (12) as though set forth fully herein.

26. Plaintiff performed all of his conditions and obligations of his employment contract with Defendants, i.e., agreement to work for wages.

27. Plaintiff earned wages over the course of his employment, which remain unpaid by Defendants. Specifically, Defendants failed to compensate Plaintiff for earned hours worked during his employment with Defendants.

28. Despite Plaintiff's reasonable attempts to obtain payment of these earned monies, Defendants have failed and refused to make payment for wages earned.

29. As a direct and proximate legal result of Defendants' breach of contract, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Unpaid earnings and/or wages/commissions and/or remuneration;

    b. Damages arising from the breach;

    c. Prejudgment and post-judgment interest;

    d. Attorneys' fees and costs pursuant to Fla. Stat. § 448.08; and

    e. Such other relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiff, FLORENCIO MARTINEZ RUBIO, demands a trial by jury and judgment against Defendants, FEDCA SCRAP RECYCLING CORP, and ELBER A. BARON, Individually, for back pay, interest, attorneys' fees, and costs and for such other relief to which Plaintiff may be justly entitled.

### COUNT III
### TITLE VII – RETALIATION

30. Plaintiff, FLORENCIO MARTINEZ RUBIO re-alleges paragraphs one (1) through twelve (12) as though set forth fully herein.

31. Plaintiff suffered an adverse employment action for opposing an

employment practice made unlawful by Title VII.

32. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.*

33. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Interest on front pay and benefits;

  e. Compensatory damages, including those for emotional pain and suffering;

  f. Punitive damages;

  g. Injunctive relief;

  h. Attorney's fees and costs; and

  i. All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE**, Plaintiff, FLORENCIO MARTINEZ RUBIO, demands a trial by jury and judgment against Defendants, FEDCA SCRAP RECYCLING CORP, and ELBER A. BARON, Individually, for back pay, interest, attorneys' fees, and costs and for such other relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

43. Plaintiff, FLORENCIO MARTINEZ RUBIO, on behalf of himself and others similarly situated, requests a jury trial on all issues so triable.

**DATED** this 17th day of February 2021.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
debbie@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Trial Attorney for Plaintiff