UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORENCIO MARTINEZ RUBIO,

    Plaintiff,

v.                                                                          Case No: 8:21-cv-372-CEH-TGW

FEDCA SCRAP RECYCLING CORP
and ELBER A. BARON,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim upon which Relief can be Granted [Doc. 15] and Plaintiff's Response in Opposition [Doc. 16]. In the motion, Defendants argue that the claims are deficient and subject to dismissal, that Plaintiff failed to exhaust administrative remedies, and that the statute of limitations has run as to Count II for breach of contract. The Court, having considered the motion and being fully advised in the premises, will **GRANT-IN-PART** and **DENY-IN-PART** Defendants' motion to dismiss

I. **BACKGROUND**[1]

Plaintiff, Florencio Martinez Rubio, worked with Defendants, Fedca Scrap Recycling Corp. and Elber A. Baron, as a full time Crane Operator and general maintenance worker from approximately September 22, 2014, to October 6, 2020. [Doc. 12 ¶ 9]. He was paid $11.50/hour. *Id.* ¶ 10. During his employment with Defendants, Plaintiff worked more than 40 hours per work week, for which he was not compensated at a rate of time and one-half his hourly rate. *Id.* ¶ 11. Defendants failed to keep accurate records of hours worked by Plaintiff even though they knew or should have known that Plaintiff was working in excess of 40 hours per work week. *Id.* ¶ 12. Plaintiff requested his unpaid wages from Defendants and to date he has not been compensated. *Id.* ¶ 14. Therefore, Plaintiff filed this action against Defendants on February 17, 2021. [Doc. 1].

The Amended Complaint alleges three counts. [Doc. 12]. In **Count I**, Plaintiff alleges that Defendants *violated the Fair Labor Standards Act*, 29 U.S.C. § 201 *et. seq.* ("FLSA"), by denying him overtime wages. *Id.* 12 ¶¶ 16-27. In **Count II,** Plaintiff asserts that Defendants' failure to properly compensate him for all hours worked in each work week constitutes an independent *breach of contract*. *Id.* 12 ¶¶ 28-37. **Count III** alleges that Defendants retaliated against Plaintiff, after Plaintiffs asserted the rights

---

[1] The following statement of facts is derived from Plaintiff's Amended Complaint (Doc. 12), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

forming the basis of this action, by suing him for an alleged violation of a non-compete agreement. *Id.* 12 ¶¶ 38-43.

Defendants have moved to dismiss these claims pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. [Doc. 15]. As an initial matter, they argue that Plaintiff has failed to allege whether he has exhausted his administrative remedies and has failed to annex the contract or indicate whether it was written, oral, or implied. *Id.* at p. 2. Turning to Count I, they argue that it is subject to dismissal because Plaintiff merely recited conclusory allegations that mirror the statutory language and failed to allege with sufficient detail the length and frequency of his unpaid work. *Id.* at pp. 5-8. Defendants further note that the standard for pleading a FLSA overtime claim in *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008)—which is seemingly met by Plaintiff—has been supplanted by the higher standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Id.* at pp. 9-10. As to Count II, Defendants first argue that a claim for breach of contract must be pleaded with particularity as to the existence of a contract, and that the conclusory allegations here, including as to the terms of employment, are not adequate. *Id.* at 15 pp. 10-13, 14-16. They also argue that because Plaintiff has not provided sufficient details as to timing, the breach could have occurred as soon as 2014, such that the claim falls outside the five-year statute of limitations. *Id.* at pp. 13-14.[2] Lastly, Defendants assert that the claim for retaliation

---

[2] Defendants also note that a four-year statute of limitations applies to claims for breach of an implied contract, and Plaintiff has not specified whether the contract here is implied. [Doc. 15 at p. 14].

3

should be dismissed because Plaintiff has failed to describe the statutorily protected activity in which he engaged or the adverse employment action from which he suffered. *Id.* at pp. 16-18. In fact, they specifically argue that enforcement of a restrictive covenant from a noncompete agreement is not an unlawful employment action and that there is no timeline of events to show a temporal relationship. *Id.* at p. 18.

In his response in opposition, Plaintiff contends that the complaint satisfies and exceeds the requirement of Rule 12(b)(6) as to each claim. [Doc. 16 at p. 1]. He argues that the requirements to state cause of actions under the FLSA are straightforward and that Defendants' reliance on the *Twombly/Iqbal* standard is misplaced given the detailed allegations of the Amended Complaint and long-standing precedent governing FLSA actions. *Id.* at p. 4. In fact, he contends that he has adequately alleged violations of the FLSA under *Labbe* and its progeny—that he was not properly paid overtime for all hours worked over 40 in the workweek and was retaliated against when he demanded proper payment. *Id.* at pp. 5-10. Additionally, Plaintiff contends that there is no requirement under the FLSA to allege exact dates, times, and amounts of unpaid work as that information is compelled through the discovery process, not through the production of unnecessarily detailed pleadings. *Id.* at pp. 6-9, 10-11. As to the breach of contract claim, Plaintiff contends that the Amended Complaint sufficiently alleges a claim for breach of contract as it pleads the existence of a contract, a breach of that contract, and resulting damages from that breach. *Id.* at pp. 12-14. Plaintiff then contends that the statute of limitations argument is without merit as

Defendants overlook the fact that there is a breach for each week he was improperly paid, which triggers a new statutory period. *Id.* at p. 14. Lastly, Plaintiff contends that he has adequately pleaded a claim for retaliation under the FLSA and that courts have routinely found that plaintiffs may assert a retaliation claim in response to retaliatory counterclaims filed by employers in federal employment lawsuits. *Id.* at pp. 15-18.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). However, legal conclusions "are not entitled to the assumption of truth" and "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *McArdle v. City of Ocala*, 418 F. Supp. 3d 1004, 1006 (M.D. Fla. 2019) (first quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), then quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)). When considering a motion to dismiss, the court ordinarily will not look beyond the four corners of the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "[T]he . . . court may [also] consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). This standard is satisfied when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). By contrast, dismissal is appropriate when "no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1305, 1308 (11th Cir. 2006) (quoting *Marshall Cty. Bd. Of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## III.  DISCUSSION

The Court will first address the argument that Plaintiff has not exhausted the necessary administrative remedies, followed by the arguments regarding the sufficiency of the claims and expiration of the statute of limitations—as to the claim for breach of contract.

### Exhaustion of Administrative Remedies

Defendants contend that Plaintiff has failed to allege whether he exhausted administrative remedies, which is a prerequisite to filing suit. [Doc. 15 at p. 2].[3] While Defendant merely raises the point without further briefing, the Court considers it and finds that it is without merit. In *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S.

---

[3] Plaintiff has presented no argument in response to this point.

728, 740 (1981), the Supreme Court stated that "[n]o exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by [the FLSA]." *See also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1225 (M.D. Fla. 2009) ("Any aggrieved employee may bring a claim under the FLSA 'in any Federal or State court of competent jurisdiction.' There are no exhaustion or administrative requirements and, unlike some federal statutory rights, there is no jurisdictional minimum.") (citation omitted). As such, there is no pre-suit administrative requirement that Plaintiff was required to satisfy prior to filing this action.

Sufficiency of Claims

 a. *Unpaid Overtime—FLSA*

Count I is a claim for unpaid overtime in violation of the FLSA. "Congress enacted the FLSA in 1938 with the goal of "protect[ing] all covered workers from substandard wages and oppressive working hours." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine*, 450 U.S. at 739). In line with this goal, "[t]he FLSA requires employers to pay their employees at least one and a half times their regular wage for every hour worked in excess of forty per week." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 800 (11th Cir. 2015) (citing 29 U.S.C. § 207(a)(1)). Ordinarily, a party seeking overtime pay has the burden of proving that he performed work for which he was not properly compensated. *Gelber v. Akal Sec., Inc.*, 14 F.4th 1279, 1282 (11th Cir. 2021). As such, one asserting a claim for an unpaid overtime violation under the FLSA must allege (i) the he or she worked overtime

without compensation and (ii) the employer knew or should have known of the overtime work. *Allen v. Board of Public Educ. For Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007); *Bailey*, 776 F.3d at 801 (stating same).

Defendants' argument that Plaintiff's failure to allege with sufficient detail the length and frequency of unpaid work warrants dismissal of this count is without merit. [Doc. 15 at pp. 6-9]. Defendant has not pointed to any binding authority imposing such a strict requirement. In fact, it is recognized that "[t]he employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and [e]mployees seldom keep such records themselves." *Allen*, 495 F.3d at 1315 (quotation omitted) (addressing motion for summary judgment). As such, the absence of that particular information does not warrant dismissal.

However, the Court agrees that there are very few facts given by Plaintiff and that his allegations are conclusory and simply mirror the statutory language. [Doc. 15 at pp. 5, 7]. As to the first element, Plaintiff merely alleges that "[t]hroughout his employment with Defendants, [he] worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate" [Doc. 12 ¶ 20]. This does not plausibly suggest that he worked overtime and there are insufficient factual allegations to support this conclusion. *See, e.g., Cooley v. HMR of Alabama, Inc.*, 747 F. App'x 805, 807 (11th Cir. 2018) (finding that employee's allegations that during meal breaks they were required to "care for patient needs" and "tend[ ] to patients," along with the fact that they provided each employee's specific job title and a list of the weeks each

8

employee claims to have worked more than 40 hours plausibly suggested an entitlement to relief under the FLSA). As to the second element, Plaintiff alleges that "Defendants knew or had reason to know that [he] performed work outside of his regular schedule and therefore worked in excess of forty (40) hours per work week" and that he requested his unpaid wages from Defendants. *Id.* ¶¶ 23, 14. This too, is not enough. Plaintiff provides no factual allegations that plausibly suggest that Defendants knew or had reason to know he worked overtime. The motion is therefore due to be granted as to Count I.[4]

  b. *Breach of Contract*

Defendants also seek dismissal of the claim for breach of contract. [Doc. 15 at pp. 10-15]. They argue that Plaintiff fails to plead the existence of a contract and that the claim is barred by the statute of limitations. *Id.* The Court will first address the statute of limitations issue. Florida law provides a five-year limitation period for breaches of written contracts and a four-year limitation period for breaches of a contract not founded on a written instrument. Fla. Stat. § 95.11(2)(b), (3)(k). The complaint alleges that the "employment contract . . . was oral and/or implied," such that the shorter period applies. [Doc. 12 ¶ 29].

---

[4] The Court notes that "the ordinary statute of limitations in cases brought under the FLSA is two years." *Allen*, 495 F.3d at 1323 (citing 29 U.S.C § 255(a)). "[A] cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued." *Id.* As the complaint alleges violations from September 22, 2014, to October 6, 2020, recovery may be barred in part, to the extent the violation is outside of the limitations period.

"Generally, a cause of action on a contract accrues and the statute of limitations begins to run from the time of the breach of contract." *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996). Plaintiff alleges that he was employed by Defendants from approximately September 22, 2014 to October 6, 2020; that he worked more than forty (40) hours per work week during his employment; that Defendants knew, or should have known, that he was working in excess of forty (40) hours per work week; and that he has not been compensated for his unpaid wages. *Id.* ¶¶ 9, 11, 12, 14. However, there is no indication as to when payment became due. Because it is not clear when the breach would accrue for purposes of the statute of limitations, it is not apparent from the face of the complaint that the statute of limitations bars recovery for breach of contract. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003) (stating that "it is proper to grant a Rule 12(b)(6) motion if noncompliance with the statute of limitations is apparent on the face of the complaint"). Moreover, the Court notes that Plaintiff was employed by Defendant until October 6, 2020, and this action was filed February 17, 2021. Any claim premised on a breach which occurred within four years of February 17, 2021, would not be barred.

As to the sufficiency of the claim for breach of contract, Florida law requires the plaintiff to establish: (i) the existence of a contract; (ii) a material breach of that contract; and (ii) damages resulting from that breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008)). A plaintiff can prove the existence of a contract by pleading: (1)

10

offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Id.* Plaintiff alleges that Defendant offered him a job and that he accepted that job. [Doc. 12 ¶¶ 29, 30]. He would provide services in exchange for hourly wages. *Id.* He specifically alleges that he worked as a full time Crane Operator and performed other general maintenance for and as requested by Defendants and was paid $11.50/hour in that role. *Id.* ¶¶ 9-10. The Court agrees that the Amended Complaint sufficiently alleges the existence of a contract between Plaintiff and Defendants. [Doc. 12 ¶ 29]. Moreover, Defendants' argument that the Amended Complaint fails to contain factual details regarding essential terms is unavailing. Plaintiff has alleged the services performed and the hourly rate of pay. Likewise, there is no merit to the claim that there is no description as to when the breach took place. The complaint specifically alleges that "Defendants failed to pay Plaintiff for all hours worked in each work week." *Id.* ¶¶ 32-33. "Rule 8 requires only that the defendant be given notice as to the claim being asserted and its grounds." *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1193 (11th Cir. 2021). The complaint meets this requirement as to the claim for breach of contract. As such, the motion will be denied as to Count II.

    c. *Retaliation—FLSA*

In the last count, Plaintiff alleges that Defendants engaged in retaliatory acts in response to his assertion of rights under the FLSA. [Doc. 12 ¶¶ 38-43]. "The FLSA protects persons against retaliation for asserting their rights under the statute." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000) (quoting 29 U.S.C. § 215(a)(3)). "To prove retaliation, a plaintiff must ultimately show: '(1) []he engaged in activity

protected under [the] act; (2) []he subsequently suffered adverse action by the employer; and (3) a causal connection existed between [his] activity and the adverse action.' " *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir. 2019) (quoting *Wolf*, 200 F.3d at 1342–43). Defendants contend that Plaintiff fails to describe the alleged statutorily protected activity in which he engaged or the adverse employment action from which he suffered and fails to allege a causal relationship between the two. [Doc. 15 at pp. 17-18].

As to the first factor, Plaintiff alleges that he opposed an employment practice made unlawful by the FLSA. [Doc. 12 ¶¶ 39-40]. More specifically, he alleges that he worked more than forty (40) hours per work week during his employment with Defendants for which he was not compensated by Defendant at a rate of time and one half his regular hourly rate and that he requested his unpaid wages from Defendants. *Id.* ¶¶ 11-12. This sufficiently alleges that Plaintiff engaged in protected activity under the FLSA.

Defendants then argue that Plaintiff has not sufficiently described the adverse employment action, that "the Court is given insufficient allegations with which to determine if 'a reasonable employee would have found the challenged action materially adverse,' " and that enforcing the terms of a contract is not an unlawful employment action. [Doc. 15 at pp. 17-18]. The Court agrees that the adverse employment action is alleged in a conclusory manner. Additionally, the Court questions whether the act alleged—enforcement of a noncompete—can constitute a materially adverse action based on the fact that it allegedly occurred after Plaintiff filed

12

this action and not after Plaintiff demanded payment for overtime. In addressing this element, the Supreme Court has explained that the plaintiff bears the burden of "show[ing] that a reasonable employee would have found the challenged action materially adverse…mean[ing] it well might have dissuaded a reasonable worker from making or supporting a charge." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Based on the facts alleged, Plaintiff does not meet this factor. In the absence of an adverse action, the Court cannot find a causal connection. *See, e.g.*, *Wolf*, 200 F.3d at 1343 (stating that a causal connection is established if plaintiff proves that they would not have been fired "but for" their assertion of FLSA rights); *Raspanti v. Four Amigos Travel, Inc.*, 266 Fed. Appx. 820, 823 (11th Cir. 2008) (requiring a "close temporal proximity" between the time that the employer learned of the complaint and their subsequent adverse action). As such, Count III is subject to dismissal.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim upon which Relief can be Granted [Doc. 15] is **GRANTED-IN-PART** and **DENIED-IN-PART**. Counts I and III of the Amended Complaint are dismissed. Plaintiff may file a second amended complaint which cures the deficiencies discussed in this Order by April 8, 2022.

**DONE AND ORDERED** in Tampa, Florida on March 25, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any